The Chancellor.
In the disposition of the trust property, the receivers have a discretion, for the due exercise of which they are responsible to the court, and in the exercise of which they are subject to its control. The receivers being officers of the court, and entitled to its protection, will be sustained in their acts done in good faith, and without prejudice to the rights of those interested.
In leasing the canal and its appendages, great prudence and care were required on the part of the receivers. They are not like executive officers, bound to sell for the highest price, without regard to the purchaser, or the disposition he may make of the property; the object is not merely to obtain the greatest amount of rent, but also to secure the proper use and due-repair of the canal and its locks, bridges, dams, &c., and the continuance and increase of business upon it, that as far as-practicable the reversionary interest of the creditors and stockholders may be promoted.
It was proper, therefore, by advertising for proposals, to procure as many bidders as they could, that from them they might select such as would not only pay the best rent, but take also the best care of the canal, and otherwise promote, and if possible, increase the value of the trust property.
*427 The advertisement for proposals was not such contract as would bind the receivers to take offer of the highest bidder,, nor limit them to a certain time within which to receive bids.. It was used as the means of procuring offers, and could not control them in the exercise of a proper discretion in the choice of those offers. Nor did any person, by a proposal, acquire any right under or in consequence of the advertisement, until his proposition was accepted. ■
In ordinary sales of property by auction, neither seller nor-buyer is bound until the bid is accepted: 3 Term. Rep. 148. And surely, a rule equally liberal is applicable to receivers, in a transaction like this.
If the petitioner acquired no right under the advertisement and his proposal, he cannot complain, even if in fact he is quite-as competent to manage the canal as the proposed lessees. The-preference shown to others may disappoint his hopes and wound his feelings, but cannot affect any legal right.
The only question remaining is, whether the receivers liaveacted discreetly in accepting the proposals of Messrs. Mills and Sykes, and in making the agreement with them, mentioned in the lease now submitted.
It appears that the bridges, aqueducts, locks and inclined-planes of the canal are in a condition that require a great deal of attention and repair.
That the principal business of the canal is the transportation of coal, in which there is great competition; and experience in the coal business is likely to be quite necessary to the profitable employment of the canal. Of the proposed lessees, one is a dealer in coals, the other a professed civil engineer; both bear the character of worthy and competent men, and are said to-be fully responsible for the performance of the covenants of the lease ; and they offer as much rent as any other person.
It would seem then, that in selecting these persons, the receivers have not acted without due discretion, nor without proper regard to the interest of the trust fund.
*428 It is unnecessary to institute any comparision of the respective qualifications of the petitioner and the proposed lessees. It is enough that the receivers, who are acquainted with or have the means of knowing the character and capacity of all, have in the exercise of their discretion selected the latter, and as then choice does not appear to be improper, it must be confirmed.
The prayer of the petitioner, therefore, cannot be granted. The lease will be referred to a master, to inquire into its terms, and the sufficiency of the security offered, and report the same with all convenient speed.
Order accordingly.